IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR447 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ROGELIO RIOS-LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the objection of defendant Rogelio Rios-Lopez, Filing No. 66, to the report and recommendation of the United States Magistrate Judge ("magistrate"), Filing No. 48, that the defendant's motion to suppress, Filing No. 35, should be denied.

Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendations to which the parties object. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record pursuant to 28 U.S.C. § 636(b)(1)(A), including the transcript of the suppression hearing, Filing No. 54 ("Tr."). The magistrate found that law enforcement officers had probable cause to arrest defendant Rios-Lopez. Tr. at 34. The magistrate found that the collective knowledge of all the officers involved in the investigation was sufficient to establish such probable cause. *Id.* Rios-Lopez argues that the arresting officer lacked personal knowledge to justify a warrantless arrest and search.

The evidence shows that Rios-Lopez was arrested by DEA Agent Thurman Windham as part of an investigation that involved co-defendants Victor Jose Barraza Cazares and Ricardo Barraza ("the Barrazas"), who were arrested in New Mexico in possession of over a kilogram of methamphetamine that was to be delivered to Grand Island, Nebraska. *Id.* at 7-8. The Barrazas agreed to cooperate with law enforcement

officers and to make a controlled delivery to a person known to them as "Jose Antonio" in Grand Island. *Id.* at 10-12. Ricardo Barraza called a cell phone in Grand Island and made arrangements to meet at a park. *Id.* at 10-14, 16. Rios-Lopez arrived at the park and switched vehicles with the Barrazas and then attempted to leave. *Id.* at 17-20. Law enforcement officers activated a previously-installed "kill-switch" and disabled the vehicle. *Id.* at 19. At that point Rios-Lopez was arrested. *Id.* Some of the methamphetamine that had originally been seized from the vehicle in New Mexico had been placed in the vehicle by law enforcement officers as part of the controlled delivery. *Id.* at 15-16. In the search of the vehicle, officers found a cell phone with the phone number that had been used to arrange the meeting, as well as over $1,000.00 in cash. *Id.* at 20.

The court agrees with the magistrate that Agent Windham had probable cause, under the totality of the evidence, to arrest Rios-Lopez. The fact that Rios-Lopez showed up at the prearranged meeting and made contact with the cooperating individuals furnished such probable cause. Accordingly, the court finds that the magistrate's report and recommendation should be adopted and defendant's motion to suppress should be denied.

IT IS ORDERED:

1. Defendant's objection, Filing No. 66, to the magistrate's report and recommendation is overruled;
2. The magistrate's report and recommendation, Filing No. 48, is adopted in its entirety;
3. Defendant Rios-Lopez's motion to suppress, Filing No. 35, is denied.

DATED this 25th day of April, 2005.

BY THE COURT:

/s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge